IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEVIN PITTMAN**                                                                                       **PLAINTIFF**

**VERSUS**                                                                  **CIVIL ACTION NO. 1:08cv328-RHW**

**SHERIFF DAVID ALLISON**                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is [36] Defendant David Allison's December 16, 2009 amended motion to dismiss, or alternatively for summary judgment and qualified immunity.[1] Plaintiff's response to the motion was due by January 4, 2010, but Plaintiff has neither responded, nor requested any extension of time to do so. Despite Plaintiff's lack of a response, the Court must address the motion on the merits as it is dispositive in nature. Rule 7(b)(3)(e), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*.

### Procedural History and Facts

Kevin Pittman filed this *pro se* prisoner's civil rights complaint on July 25, 2008 pursuant to 42 U.S.C. § 1983. On March 6, 2009, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[2] to examine the allegations contained in Plaintiff's complaint. At the hearing, the parties

---

[1] Defendant originally filed this motion as [26] on October 15, 2009, but was granted leave to amend it to correct errors in the original filing. Plaintiff's response to the original motion was due by November 2, 2009. Plaintiff filed no response to either motion.

[2] 28 U.S.C. §1915A. Screening.
(a) Screening. The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and *Fed.R.Civ.P.* 73, and the case was reassigned to the undersigned for all further proceedings. Docs. [24] and [25].

In the screening hearing, Pittman testified he was in the Pearl River County Jail for approximately five months, from June 15, 2008 until November 11, 2008, on charges of sale and possession of controlled substances. He pled guilty to the criminal charges and was placed on probation in November 2008, and, except for an overnight stay in jail for DUI, he has remained free since that time. He was not incarcerated at the time of the hearing. Pittman was granted leave to proceed with this lawsuit *in forma pauperis* by [5] an order entered September 10, 2008, which set a payment schedule under which Pittman was to pay the filing fee. The docket indicates that Pittman paid only $24.42 on the filing fee prior to his November 11, 2008 release. At the March 6, 2009 hearing, after Pittman testified that his work was sporadic, that he was paying restitution and child support including a substantial arrearage, and was still without funds to pay the total filing fee, but could pay $5.00 per week [26-3, pp. 23-26], the Court ordered him to pay the filing fee at $10.00 per month. Pittman paid $5.00 on the hearing date, and has since made payments totaling $100.00. He has paid nothing since February 8, 2010.[3]

In his original complaint [1], Pittman complained of unsanitary living conditions at the jail, lack of clean drinking water, no cleaning on weekends, cold food, standing water in the shower, leaking toilets, painting over mold on walls, being allowed outside only occasionally, telephones that are broken or turned off, poor ventilation, lack of proper medical care,

---

[3]See docket entries dated 3/6/2009, 4/2/2009, 4/29/2009, 6/11/2009, 7/8/2009, 8/10/2009, 10/2/2009, 11/16/2009, 1/11/2010 and 2/8/2010.

mishandling of mail, and mental and physical abuse by corrections officers. In his response to the Court's order [6] that he be more specific in his complaints, Pittman stated that Sheriff Allison violated his rights "by administering unsanitary living conditions and by allowing cruel and unusual punishment, *i.e.*, police brutality," but he also stated that Sheriff Allison did *not* physically abuse him. See, Doc. [7], filed September 29, 2009. Defendant propounded this Interrogatory (No. 18) to Pittman, "Please state whether Sheriff Allison was ever present or, to your knowledge, whether he actively participated in any of the events contained in your Complaint." Pittman responded, "No." [36-2, pp. 5, 11] And in response to Requests for Admissions No. 10 and 11, Plaintiff admitted he never spoke to Sheriff Allison about any of the allegations in his complaint, and he never addressed a written grievance to Sheriff Allison. [36-2, pp. 18, 20)

Elaborating on his complaints at the screening hearing, Pittman testified the tap water was sometimes rusty looking and "makes you cough." He claims the filters in the air vents needed cleaning, and they would just sweep across it with a broom, spreading dust particles which irritated his sinuses and caused him to have a runny nose and eyes and to sneeze. He testified the jail did not provide sinus pills, though one could order them from the canteen. However, in discussing his medical care complaints, Pittman testified he may have gone to the nurse once or twice for sinus problems during the five months he was in the Pearl River County Jail, and that the nurse would give him an over-the-counter sinus pill, or perhaps enough for five days or so, and tell him he could get more from the canteen. Pittman claims his sinuses are "real bad."

Pittman testified that inmates are given cleaning supplies five days a week to clean their cells, the shower and toilet areas, but complained they receive no supplies on weekends. In

3

addition to the shower and toilet leaks, there is mold on the walls in the showers and the ceilings leak over the showers. He testified he was allowed outside for yard call once a week, and complained that the food was always cold. [26-3, pp. 8-13]

Pittman stated he may have gone to the law library twice. He complained about having to write out a request to go to the library, about the limited time allowed in the library, and the fact that he had to find things himself. He conceded that he was represented by court-appointed counsel in his criminal case, and stated he was just trying to read about his case. Pittman also acknowledged at the hearing that he was able to file the present lawsuit within about a month of his arrival at Pearl River County jail. The only law library request in Pittman's inmate file is dated August 4, 2008, a week and a half *after* he filed his complaint in this case. [33-5, p. 29] Pittman also complained that mail was sometimes delivered late, and his "legal mail" was delivered to him already opened, though he does not know if anyone read it. [26-3, pp. 13-15]

Pittman also testified about an incident which occurred on June 18, 2008, three days after his arrival at Pearl River County Jail. Following an altercation between other inmates, in which Pittman claims he was not involved, Warden Timmy Seals came in with additional officers[4] and made all the inmates get up against the wall, then crawl out to the yard, where Pittman states Seals used excessive force on him, including a taser. Pittman admits the Sheriff was not present during the shakedown, but speculates that Warden Seals was talking on the phone to Sheriff Allison during the shakedown. [26-3, pp. 20-21] However, Sheriff Allison's sworn affidavit states he was made aware of the shakedown on June 19, 2008, the day after it happened, when

---

[4]Plaintiff states there were approximately 50 people housed in his dormitory, and that the warden did not have enough manpower when he first came to the area because of the disturbance, hence the additional officers. [26-3, p. 17]

4

officers advised him they conducted a shakedown in response to a riot in the zone which resulted in one prisoner being taken to the emergency room. [26-4] Sheriff Allison further stated that numerous homemade weapons, contraband, cell phones and other prohibited items were discovered and confiscated during the shakedown; that Plaintiff filed no grievance regarding this isolated incident, and sought no medical treatment for any injury incurred in the shakedown. Pittman's Pearl River County Jail inmate file contains no grievance with respect to the shakedown. [33-5 and 33-6] Although Pittman put in a sick call slip (medical request) on June 19, 2008, he made no mention of any injury received on June 18. Instead, he stated his medical complaint at that time as, "Back, neck and sinus problems that I being (*sic*) having for a long time. Sinus problems for all my life back and neck for 11 years. And antifungal cream for my feet." [ 33-7, p. 1].[5]

From the bench during the hearing [26-3, pp. 22-23], and by written order [22], the Court granted Pittman leave to amend his complaint by April 3, 2009 to add Pearl River County and Timmy Seals as Defendants in this case, the former as to the conditions of confinement claims, and Seals with respect to the tasing incident. In open Court, Plaintiff was warned that if he did not file an amended complaint, Pearl River County and Seals would not be defendants, and Pittman acknowledged he understood this. Pittman never submitted an amended complaint.

<u>Conditions of Confinement</u>

The Constitution does not require that prisoners be provided a comfortable jail. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The constitutional prohibition against cruel and

---

[5]Pittman's records also contain medical requests and treatment notes made during a prior incarceration in 2004-05, wherein he complained of back and neck pain. [33-7, pp. 5-10]

5

unusual punishment requires simply that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To establish a constitutional violation due to conditions of confinement, an inmate must show (1) that prison officials deprived him of "the minimal civilized measure of life's necessities;" and (2) that the prison officials acted out of indifference to the inmate's health or safety. *Id*. To establish indifference, the inmate must show prison officials were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn, and that the officials actually drew an inference that such potential for harm existed. In deciding the constitutionality of conditions of confinement of pretrial detainees, the Court must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 529, 538-539 (1979). Pittman does not even allege that Sheriff Allison imposed the conditions of which he complains as a form of punishment.

<u>Legal Analysis</u>

Since Pittman filed no amended complaint, the only defendant in this case is the Sheriff of Pearl River County, David Allison. Pittman has failed to establish a sufficient foundation for liability on any claims against Sheriff Allison in his individual capacity. Pittman admits that Sheriff Allison did not physically abuse him, was not present and did not actively participate in any of the events contained in his complaint. Pittman further admits he never spoke to Sheriff Allison about any of the allegations in his complaint, and never addressed a written grievance to Sheriff Allison about them. In short, Plaintiff presents no evidence of any personal wrongdoing by Allison which might conceivably undergird liability, and it has long been established that supervisory officials cannot be held liable under § 1983 on theories of vicarious liability or

*respondeat superior*. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

Plaintiff's official capacity claims against Sheriff Allison also fail to establish a foundation for liability. Pittman's complaints regarding the conditions of his confinement require a showing that Allison was aware of facts from which an inference of substantial risk of harm existed, and that he actually drew the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Pittman's own testimony establishes that he never advised Allison of any of his complaints either orally or in writing. Furthermore, official capacity claims are essentially claims against the office Allison holds rather than against Sheriff Allison himself. See, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *Moore v. Carroll County Miss.*, 960 F.Supp. 1084, 1087 n. 3 (N.D. Miss. 1997). Because the Sheriff is an official of Pearl River County, a local governmental entity, Pittman was required to show his claims are actionable under municipal liability precedent. To prove official capacity claims, Pittman was required to show (1) a policy maker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001), citing *Monell v. Dept of Social Services*, 436 U.S. 658, 694 (1978). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578. Pittman has failed to show, or even allege, any official policy or custom with respect to his conditions of confinement claims. Since he elected not to amend his complaint, there is no excessive force claim before the Court. For these reasons, Pittman cannot prevail on his official capacity claims against Sheriff Allison.

7

Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court considers "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. <u>If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.</u>

*Fed. R. Civ. P.* 56 (e) (emphasis added). The Court may grant a motion for summary judgment which is accompanied by competent supporting evidence if the opposing party fails to present controverting evidence. *Fed. R. Civ. P. 56 (e).* Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party, *i.e.*, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant establishes the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by simply referring to allegations or denials in his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed.R.Civ.P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Pittman's failure to allege any specific act by Sheriff Allison resulting in violation of his rights might justify dismissal of his claims against the Sheriff. However, since the Court has

9

received and considered additional evidence with respect to Pittman's claims, the Court concludes that the matter is best dealt with via summary judgment. Pursuant to applicable law, and from the evidence of record, the Court finds summary judgment for Sheriff Allison appropriate as to all Plaintiff's claims. It is therefore,

**ORDERED AND ADJUDGED**, that Defendant's motion for summary judgment is granted, which renders moot the motions to dismiss and for qualified immunity. A separate judgment shall be entered in favor of the Defendant Sheriff David Allison.

SO ORDERED, this the 9th day of July, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE